■ ALVIN DICKER, Respondent, v. PAULINE DICKER, Appellant.— In an action for divorce based on a separation decree which defendant had been awarded in 1963, the appeal is from so much of an order of the Supreme Court, Kings County, entered January 22, 1969, as (1) denied the defendant wife's motion to dismiss the complaint; (2) denied her motion for a counsel fee on said motion to dismiss, without prejudice to renewal at the trial, etc., and, in otherwise granting her a counsel fee, limited the allowance to $500; (3) denied her motion to increase the alimony she had been awarded in the separation decree so as to require plaintiff to pay for their adult son's college tuition; (4) denied her motion to restrain plaintiff from entering her residence (which he does when he visits their adult son who resides there), without prejudice to renewal if warranted by plaintiff's future conduct; and (5) granted plaintiff's cross motion to vacate a notice to examine him before trial. Order affirmed, without costs (Schacht v. Schacht, 32 A D 2d 201; Kaplan v. Kaplan, 31 A D 2d 247). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ ROBERT DORFMAN, Appellant, v. TEXACO, INC., et al., Respondents.— Appeal by plaintiff from two judgments of the Supreme Court, Suffolk County, entered February 7, 1966 and February 15, 1966, respectively, both in favor of defendants upon a jury verdict. Appeal from judgment of February 7, 1966 dismissed as academic. That judgment was amended and superseded by the judgment entered February 15, 1966. Judgment of February 15, 1966 affirmed. One bill of costs is allowed to respondents to cover both appeals. In our opinion, the evidence presented questions of fact as to the individual defendant's negligence and plaintiff's contributory negligence which were properly submitted to the jury. The verdict of the jury is adequately supported by the evidence and the reasonable inferences to be drawn therefrom. While the attempted impeachment of plaintiff's witness McWeeney was unfair and improper, under the circumstances herein it did not constitute error requiring reversal. Christ, Acting P. J., Brennan and Martuscello, JJ., concur; Rabin and Benjamin, JJ., concur in the dismissal of the appeal from the judgment of February 7, 1966, but otherwise dissent and vote to reverse the judgment of February 15, 1966 and to grant a new trial, with the following memorandum: Plaintiff is the owner and operator of a Texaco service station. Defendant Texaco, Inc., furnishes gasoline to plaintiff's station. Defendant Durney is the driver of one of Texaco's gasoline trucks. These trucks have swinging doors on the side which are opened by " T " handles; when not in use, these handles rest against the side of the truck, in recessed wells in the doors; when in use, they stick out from the door at a right angle, protruding, according to plaintiff's proof, from 3 to 6 inches. On the day of the accident, a Texaco truck, driven by Durney, delivered gasoline to plaintiff's station. When the delivery was completed, Durney started to drive the truck out of the station. While doing so, he passed by a gasoline pump where plaintiff was putting gasoline into a customer's car, with his back to Durney's truck. It is undisputed that the " T " handle on the truck was not flush against the truck, in the recessed well provided for it, but instead was sticking out at a right-angle; and it is also undisputed that as the truck passed by plaintiff the " T " handle caught the seat of his pants and threw him against the rear wheel of the truck. On this record, it is our opinion that the verdict for defendants was against the weight of evidence. It should be reversed and a new trial granted.